RECEIVED IN ALEXANDRIA
JAN - 4 2010
TONY R. MOORE, CLERK
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME WEATHINGTON<br>BOP# 08121-028 | DOCKET NO. 09-CV-705; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| UNITED STATES FEDERAL BUREAU<br>OF PRISONS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Jerome Weathington. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. A Report & Recommendation was made recommending dismissal of Plaintiff's FTCA claim as unexhausted as Plaintiff had not received the final denial on his tort claim from the Bureau of Prisons. The district judge rejected the recommendation and remanded the case for further consideration.

### STATEMENT OF THE CASE

The facts of the case were fully summarized in the preceding Report & Recommendation. Essentially, Plaintiff admittedly attacked his cell mate. When the guards separated the two inmates, Plaintiff was pulled out of the cell and placed on the floor. He alleges that, while on the floor, an officer put his knee and body weight on Plaintiff's head, which caused Plaintiff's face to hurt. [Doc. #3, p.5] He also complained to the officers that his

handcuffs were too tight, and the guards did not loosen them until fifteen minutes later. He alleges that his hand was bent back by one of the guards, which caused some pain. Additionally, Plaintiff claims that he did not receive all of his property after being segregated. Plaintiff demanded $100.00 to replace his missing property (one pair of shower shoes, some pictures, and two Bibles). Plaintiff submitted a federal tort claim form for injuries allegedly sustained, as well as for the missing items of personal property. [Doc. #3-2, p.1] The administrative tort claim was finally denied on November 9, 2009.

## LAW AND ANALYSIS

1. Personal Injury

The Prison Litigation Reform Act of 1996 (PLRA) requires that the district courts dismiss any action that is frivolous or "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). This authority has been interpreted to confer broad discretion on the district courts to police IFP filings. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neals v. Norwood, 59 F.3d 530, 532-533 (5th Cir. 1995) citing Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993). In fact, IFP litigants are no longer able to avoid paying filing fees entirely - they must now pay these on a deferred basis. See 28 U.S.C. § 1915(b).

Under the Prison Litigation Reform Act (PLRA), "No Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."[1] 42 U.S.C.A. §1997e(e). A federal action for damages under the Federal Tort Claims Act (FTCA) is authorized against the United States for **personal injury or death** caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003)(citing 28 U.S.C. §§1346(b), 2674). However, like the PLRA, the FTCA prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (discussing 42 U.S.C. § 1997e(e)).

Moreover, the injury alleged must be more than de minimus. Sigler v. Hightower, 112 F.3d 191 (5th Cir. 1997).[2] Plaintiff

---

[1] See Geiger v. Jowers, 404 F.3d 371(5th Cir. 2005)(The requirement of a physical injury as a prerequisite to a claim for compensatory damages is not dependent upon the nature of the underlying constitutional claim; affirming the dismissal of a claim for First Amendment violations); Brown v. Hembest, 2005 WL 1174661 (N.D.Miss. 2005)(Pro se complaint alleging failure to prevent inmate on inmate violence dismissed partly due to failure to allege any physical injury); Brown v. Sudduth, 2005 WL 2406090(N.D.Miss.2005) ("As ... Brown seeks only money damages, and as he has not alleged physical injury, his claims for compensatory damages must fail." Id. at 4.); Jones v. Greninger, 188 F.3d 322(5th Cir. 1999)(Eighth Amendment claim for damages for failure to protect properly dismissed for failure to allege physical injury).

[2] In Siglar v. Hightower, 112 F.3d 191, (5th Cir. 1997), a prisoner was stopped in the hall of his unit while returning from breakfast. The guard found a biscuit in the prisoner's jacket pocket and called for backup. The responding guard, allegedly without provocation, twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical

seeks monetary compensation for unspecified physical injuries suffered when the officers handcuffed him after breaking up an altercation that Plaintiff initiated with his cell mate. As noted above, Plaintiff claims that an officer put his knee and body weight on Plaintiff's head while restraining him, which caused Plaintiff's face to hurt. [Doc. #3, p.5] Plaintiff does not allege that he suffered any contusions or other physical injury to his face or head. Plaintiff also complains that for fifteen minutes, his handcuffs were too tight. Plaintiff does not allege that he suffered any lacerations, contusions, or other injury as a result of the tight handcuffs. He also alleged that his hand was bent back by one of the guards, which caused some pain. Plaintiff was examined by Physician's Assistant Charles Tisdale, who noted that Plaintiff's skin was intact and there was no swelling. Plaintiff reported tenderness of his left cheek, but no obvious injuries were noted. Plaintiff's handcuffs were adjusted for comfort. [Doc. #3-2, p.13] **Plaintiff was instructed to follow up as needed through sick call. There are no allegations or exhibits indicating that Plaintiff ever sought additional medical treatment for his cheek or hands.**

In Luong v. Hatt, 979 F.Supp. 481 (N.D.Tex. 1997), a common

---

injury resulting from the incident. The Fifth Circuit affirmed the dismissal of the inmate's complaint, concluding that he had not suffered a "physical injury" under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Id. at 193-94.

sense test was enunciated for determining when a physical injury was sufficiently significant to support an award for compensatory damages. In that case it was held that the physical injury had to be an **"observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks."** Id. at 486. Injuries for which free world individuals would not seek emergency room or other professional medical care are not significant. Id. **An injury that normal people treat with "over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."** Id. Here, Plaintiff identified no specific injuries, sought no medical treatment, and the fleeting pain he described is, at best, comparable to those that have been found insufficient to support a claim for monetary damages. Siglar v. Hightower, 112 F.3d 191(5th Cir. 1997); Pitchon v. Rosenthal, 2005 WL 1503455 at 2 (S.D.Tex. 2005)(Claims for monetary damages dismissed where plaintiff suffered no physical harm, except pain to his hip); Alexander v. Tippah County, Mississippi, 351 F.3d 626 (5th Cir. 2003), cert. denied, 541 U.S. 1012 (2004)(upheld dismissal of prisoners' complaint where nausea and vomiting were the only injuries alleged). Based on the forgoing discussion, it is clear that Plaintiff's temporary pain is clearly not a sufficient physical injury to support a claim for compensatory damages.

2. Lost Property

As to Plaintiff's claim for lost property, nothing in the PLRA or §1915 precludes a district court from considering the amount of relief requested when deciding whether to permit a litigant to proceed IFP. In Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995), the Court noted that § 1915 gives the judiciary "a sufficient scope of power to maintain meaningful control over the filing of in forma pauperis complaints." The frivolousness inquiry helps to ensure that federal resources are not wasted on "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, whether the suit alleges significant or "de minimis" damages is among the many factors a district court may take into account in determining the frivolousness of a claim. Such consideration is consistent with the goals of the in forma pauperis legislation. See Deutsch, 67 F.3d at 1087.

Here, Plaintiff's claim for lost property includes a pair of shower shoes, two Bibles, and some pictures. Plaintiff attributed a value of $100.00 to these items. Even if the total value was $100.00, the cost of filing suit to recover that amount is $350.00. The overriding goal in policing IFP complaints is to ensure that the deferred payment mechanism of §1915(b) does not subsidize suits that pre-paid administrative costs would otherwise have deterred. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004).

Clearly, a person pre-paying court costs would be deterred from paying $350.00 to recover the value of allegedly lost property worth $100.00.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's FTCA claim be **DISMISSED as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b).**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE